[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to the court on a Motion to Reopen and Modify the Judgment and Order to Show Cause, dated June 20, 1990 being coded in as Motion 106.00. That motion was referred by the Honorable John Ryan to the Family Relations Division of the Superior Court for a custody study. The issue tried before this court was the first part of that motion wherein, the defendant father requested that he "be granted sole custody of the minor children with reasonable visitation to the plaintiff wife."
The court has reviewed 46b-56 which is the controlling statute that makes provision that the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction, which the court has. The court may, subject to the CT Page 3512 provisions of 46b-56(a), assign the custody of any child to the parents jointly, to either party, or to a third party according to its best judgment upon the facts of the case subject to such conditions and limitations as it deems equitable.
The court has listened to the testimony of the father, of the mother, of the Family Relations Officer, Albert McGoldrick and the testimony of Farid Force a medical doctor and certified board psychiatrist who is employed at Hall-Brooke Hospital in Westport, Connecticut. The court has reviewed the Family Relations Officer's report that was introduced as plaintiff's Exhibit I and has reviewed plaintiff's Exhibit 2 which is the hospital records of the mother. In addition, the court has listened to the arguments of counsel.
The parties were granted a dissolution of marriage on December 4, 1986 before Judge Tierney. It was agreed at that time, that the parties would have joint custody of the three minor children but the physical possession and residence shall remain with the wife. The issue before the court is the custody of the daughter Lauren Barrato, born April 25, 1975 and Gregory, born August 22, 1980. On August 13, 1990 the parties stipulated an agreement to share joint legal custody and allow the children to reside with their father until Family Relations conducted an investigation and issued a final recommendation. The Family Relations officer's recommendation is that Mr. Barrato have sole legal custody of his two minor children.
The Family Relations Officer's report is a thorough and comprehensive report. It indicates that the father has adjusted his schedule to make arrangements for the children. It appears that Mrs. Barrato was in Hall-Brooke Hospital and when she was released, the prognosis was listed as fair if she remained on medication and in out-patient therapy. Mrs. Barrato had apparently discontinued therapy and remains untreated at the present time. Her testimony was that she has not taken medication nor been in therapy and feels that all she needs at this time would be family type therapy. Based on all of the testimony and the exhibits, the court feels it is in the best interest of the children to remain in the sole legal and physical custody of the father.
Wherefore, it is ordered that the father Joseph Barrato have sole legal and physical custody of the two minor children, Lauren and Gregory.
That Mrs. Barrato have visitation with her two minor children every week-end commencing Saturdays at 10 A.M. until Sunday at 6 P.M., excluding holidays or vacation periods mutually arranged by the parties. CT Page 3513
That this visitation be contingent upon the following conditions: Mr. Barrato will drop off his children and will I ascertain, at that time, that Mrs. Barrato is not experiencing any emotional symptoms that would lead him to suspect the safety of his children would be jeopardized. If all is satisfactory, then he may depart and Mrs. Barrato may return the children. If, during the visit, Mrs. Barrato experiences any episode of emotional or psychotic symptoms, then Lauren Barrato, age 16, will call her father to pick them up and visitation would then terminate.
It is highly recommended although not ordered by this court, that Mrs. Barrato undertake a course of treatment and medication with a psychiatrist of her choice so as to address the concerns of her family concerning her emotional and mental health.
The above recommendation is based on the court's review of the entire Hall-Brooke Hospital records. The discharge summary indicated that the clinical diagnosis was a brief reactive phychosis schizophrenia, paranoid type. In addition, it indicated that the personality disorder or specific developmental disorder were paranoid personality traits. The severity of the psychosocial stressors were moderate which indicated four on a scale up to eight.
It was also abundantly clear from the discharge summary that the prognosis was fair providing she continued taking her medication and continued in out-patient therapy. Thus the reason for the above recommendation.
KARAZIN, J.